United States District Court
Southern District of Texas
**ENTERED**
September 15, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| CLAUDIA MARTINEZ,<br><br>Plaintiff,<br><br>VS.<br><br>AMERICAN SAVINGS LIFE<br>INSURANCE COMPANY,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§   CIVIL ACTION NO. 7:21-cv-00304<br>§<br>§<br>§<br>§<br>§<br>§ |

## **OPINION AND ORDER**

The Court now considers "Defendants' Motion to Dismiss and Brief in Support."[1] Plaintiff did not file a response and the time for doing so has passed, rendering Defendants' motion unopposed by operation of this Court's Local Rule.[2] After considering the motion, record, and relevant authorities, the Court **GRANTS** Defendants' motion.

### I. BACKGROUND AND PROCEDURAL HISTORY

This is a foreclosure case. On July 30, 2021, Plaintiff Claudia Martinez commenced this case purportedly pro se in County Court at Law No. 7 of Hidalgo County bringing multiple claims and seeking a temporary restraining order to enjoin the foreclosure of her home in Palm View, Texas.[3] Defendant American Savings Life Insurance Company and Defendant substitute trustee Connie Cobb removed the case to federal court on August 11, 2021.[4] Defendant answered on

---

[1] Dkt. No. 5.
[2] LR7.4 ("Failure to [timely] respond to a motion will be taken as a representation of no opposition.").
[3] Dkt. No. 1-3. Plaintiff describes her property as "403 Palms Vista Drive, Palm View Hidalgo County Texas 78572." Dkt. No. 1-3 at 3. Plaintiff's actual address is 403 East Palma Vista Drive, Palmview, Texas 78572-2475. The Court will nevertheless adopt Plaintiff's description of her address in this opinion.
[4] Dkt. No. 1 at 1, ¶ 2.

August 20th,[5] then filed the instant motion to dismiss on August 23rd.[6] The motion is ripe for consideration.[7] The Court turns to its analysis.

## II. DISCUSSION

### a. Jurisdiction

This Court has diversity jurisdiction over this case under 28 U.S.C. § 1332 because Plaintiff is a citizen of Texas,[8] and Defendant is an Arizona corporation evidently headquartered in Arizona,[9] and the amount in controversy is the subject home's appraisal value,[10] which is over half a million dollars.[11]

The Court disregards the citizenship of Defendant Connie Cobb. As this Court has explained numerous times in similar cases,[12] a plaintiff must allege that the substitute trustee acted outside the scope of her duties, or allege bad faith on her part, to state any cause of action against the substitute trustee.[13] Plaintiff fails to allege any bad faith or outside-the-scope-of-duties claim against Defendant Cobb.[14] Plaintiff asserts that she "never received any notice of foreclosure as required by law,"[15] but even construing this allegation liberally, the Court is not empowered to transform the allegation into a claim that Defendant Cobb did not send the notice of foreclosure.[16]

---

[5] Dkt. No. 4.
[6] Dkt. No. 5.
[7] *See* LR7.3.
[8] *See MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)) ("For individuals, 'citizenship has the same meaning as domicile,' and 'the place of residence is prima facie the domicile.'").
[9] Dkt. No. 3 at 1, ¶ 1; *see Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (citing 28 U.S.C. § 1332(c)(1)) (holding that a corporation is a citizen of the state where it is incorporated and where its headquarters are located).
[10] *See Ordonez v. NewRez LLC*, No. 7:20-cv-00326, 2020 WL 7258363, at *3 (S.D. Tex. Dec. 9, 2020) (Alvarez, J.).
[11] Dkt. No. 1 at 3, ¶ 7.
[12] *E.g., Villarreal v. Am. Sav. Life Ins. Co.*, No. 7:20-cv-00408, 2021 WL 1140900, at *2 (S.D. Tex. Mar. 25, 2021) (Alvarez, J.).
[13] *See Rojas v. Wells Fargo Bank, N.A.*, 571 F. App'x 274, 277 (5th Cir. 2014) (citing TEX. PROP. CODE ANN. § 51.007(f) (West 2007)).
[14] *Compare* Dkt. No. 1 at 3, ¶ 6, *with* Dkt. No. 1-3 at 4–5.
[15] Dkt. No. 1-3 at 5, § X.
[16] *See Estelle v. Gamble*, 429 U.S. 97, 106–07 (1976).

"The dispositive inquiry under Texas law is not *receipt* of notice, but rather transmitting the proper notice through the mail,"[17] and Plaintiff simply does not allege that Defendant Cobb acted in bad faith by not transmitting the notice. It is doubtful that Plaintiff could do so anyway, because Plaintiff attached Defendant Cobb's July 8, 2021 Notice of Trustee's Sale as an exhibit to her complaint.[18] Finding Defendant Cobb improperly joined because Plaintiff states no cause of action against her, the Court disregards her citizenship for purposes of diversity jurisdiction.[19] "Accordingly, the Court **DISMISSES** substitute trustee Connie Cobb from this action and finds diversity jurisdiction under 18 U.S.C. § 1332 proper in this case."[20]

### b. Legal Standards

The Court uses the Federal Rules of Civil Procedure and federal pleading standards to test the validity of a complaint.[21] Defendant improperly moves for relief under Federal Rule of Civil Procedure 12(b)(6).[22] Because Defendant filed an answer,[23] the applicable rule is Rule 12(c). Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed." A Rule 12(c) motion is analyzed under the Rule 12(b)(6) standard.[24] Under Federal Rule of Civil Procedure 12(b)(6), to avoid dismissal, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[25]

---

[17] *Munguia v. PennyMac Loan Servs.*, No. 7:20-cv-00070, 2020 WL 4934593, at *5 (S.D. Tex. Aug. 24, 2020) (Alvarez, J.).
[18] Dkt. No. 1-3 at 13–14.
[19] *See Lassberg v. Bank of Am., N.A.*, 660 F. App'x 262, 266 (5th Cir. 2016) (per curiam).
[20] *Jurado v. Cobb*, No. 7:21-cv-00268, 2021 WL 4155808, at *2 (S.D. Tex. Sept. 13, 2021) (Alvarez, J.).
[21] *Fonseca v. Allstate Vehicle & Prop. Ins. Co.*, No. 7:20-cv-358, 2020 WL 7497018, at *4 & nn.64, 66 (S.D. Tex. Dec. 21, 2020) (Alvarez, J.); *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, 818 F.3d 193, 201 (5th Cir. 2016).
[22] Dkt. No. 5 at 3.
[23] Dkt. No. 4.
[24] *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).
[25] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[T]he inquiry focuses on the allegations in the pleadings and not on whether the plaintiff actually has sufficient evidence to succeed on the merits."[26]

### c. Analysis

Defendant's motion to dismiss—which the Court will treat as a motion for judgment on the pleadings—is handily resolved by a familiar doctrine: res judicata. Although res judicata is generally an issue to be decided on summary judgment, the Court may determine that Plaintiff's claims are precluded by taking judicial notice of documents.[27] Therefore, "[d]ismissal under Rule 12(b)(6) on res judicata grounds may be appropriate when the elements of res judicata are apparent on the face of the pleadings and orders from prior lawsuits."[28]

As Defendant points out,[29] this case actually commenced on November 30, 2020, when Albino Villarreal (represented by Juan Angel Guerra and misspelled as "ALBINO VILLARREA" throughout the original petition) filed an original petition in County Court at Law No. 7 of Hidalgo County seeking to prevent the foreclosure of "403 Palms Vista Drive, Palm View Texas 78572."[30] Additionally, on January 4, 2021, plaintiff Claudia Villarreal (purportedly pro se but with her name misspelled as "CLAUDIA VILLARREA" throughout the original petition) filed her virtually identical petition in County Court at Law No. 6 of Hidalgo County, seeking to prevent the foreclosure of "403 Palms Vista Drive, Palm View, Hidalgo County, Texas 78572."[31] Both cases

---

[26] *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009).
[27] *Clyce v. Farley*, 836 F. App'x 262, 267 (5th Cir. 2020) (holding that "dismissal under Rule 12(b)(6) is appropriate if the res judicata bar is apparent on the face of the pleadings" and that the Court may take judicial notice of public records to assess the application of res judicata); *accord Meyers v. Textron, Inc.*, 540 F. App'x 408, 410 (5th Cir. 2013) (per curiam) (cleaned up) ("When all relevant facts are shown by the court's own records, of which the court takes notice, the defense of res judicata may be upheld on a Rule 12(b)(6) motion without requiring an answer.").
[28] *Boykin v. Vincent*, No. 4:19-cv-1401, 2020 WL 1686852, at *3 (S.D. Tex. Apr. 6, 2020) (Hanks, J.) (collecting cases).
[29] Dkt. No. 5 at 1 n.1.
[30] *Villarreal v. Am. Sav. Life Ins. Co.*, No. 7:20-cv-00408, Dkt. No. 1 (S.D. Tex. Dec. 13, 2020).
[31] *Villarreal v. Am. Sav. Life Ins. Co.*, No. 7:21-cv-00014, Dkt. No. 1 (S.D. Tex. Jan. 11, 2021).

were removed to this Court, and on February 11th, this Court consolidated the cases.[32] On March 25th, the Court issued an opinion and final judgment dismissing both plaintiffs' claims with prejudice.[33]

About four months later, purportedly pro se Plaintiff Claudia *Martinez* commenced this case, concerning the same property with the same misspellings, using virtually identical language and claims. The Court need not blind itself to this transparent attempt to abuse the judicial system to prevent or delay foreclosure.

Res judicata, also called claim preclusion, applies to bar a plaintiff's claims when the parties are identical or in privity, the prior action was concluded with a final judgment on the merits issued by a court of competent jurisdiction, and the same essential claims were involved in both actions.[34] In assessing privity, "[a] non-party to a suit may be bound if the party to the first suit is so closely aligned to the non-party's interests as to be his virtual representative. Privity is a broad concept, however, and requires a court to look at the surrounding circumstances to determine whether the application of *res judicata* is justified."[35] In assessing whether the prior judgment was final, "a federal court's dismissal with prejudice is a final judgment on the merits for res judicata purposes."[36] In assessing whether the actions involve the same essential claims, the Court uses the transactional test and "focuses on whether the two cases under consideration are based on the same nucleus of operative facts. The nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted, defines the claim."[37] If res judicata

---

[32] *Villarreal v. Am. Sav. Life Ins. Co.*, No. 7:20-cv-00408, Dkt. No. 12 (S.D. Tex. Feb. 11, 2021) (Alvarez, J.).
[33] *Id.*, Dkt. Nos. 15–16.
[34] *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007).
[35] *Clifton v. Warnaco, Inc.*, 53 F.3d 1280 (5th Cir. 1995) (first citing *Eubanks v. FDIC.*, 977 F.2d 166, 170 (5th Cir. 1992)); and then citing *Russell v. SunAmerica Sec., Inc.*, 962 F.2d 1169, 1173 (5th Cir. 1992)).
[36] *Stevens v. Bank of Am., N.A.*, 587 F. App'x 130, 133 (5th Cir. 2014) (per curiam).
[37] *Davenport*, 484 F.3d at 326 (internal quotation marks and citation omitted); *see OJSC Ukrnafta v. Carpatsky Petrol. Corp.*, 957 F.3d 487, 504 (5th Cir. 2020).

applies, the doctrine precludes relitigation of all further claims and issues that were or that could have been raised in the prior action.[38]

Defendant argues that Plaintiff is using an "also known as" moniker to bring this suit as Claudia Martinez to differentiate herself from the plaintiff in the prior suit.[39] However, the "Notice of Trustee's Sale by Substitute Trustee," attached by Plaintiff Claudia Martinez to her own original complaint in this case, states that "ALBINO VILLARREAL and CLAUDIA VILLARREAL a.k.a CLAUDIA VILLARREAL MARTINEZ, husband and wife[,] executed and delivered a Deed of Trust and Assignment of Rents dated as of June 3, 2019."[40] Plaintiff avers that she executed the June 3, 2019 promissory note concerning the property at issue in this case.[41] Similarly in the prior case, plaintiff Claudia Villarreal averred that *she* executed the June 3, 2019 promissory note for the same property and later became subject to the "Notice of Trustee's Sale by Substitute Trustee" containing the same a.k.a. language.[42] Taking judicial notice of these documents,[43] it is obvious that Plaintiff Claudia Martinez in this case and the prior case plaintiff Claudia Villarreal are one and the same person. Furthermore, Defendant American Savings Life Insurance Company is the same Defendant across all cases. The Court holds that there is an identity of parties between both lawsuits that satisfies the first element of the res judicata doctrine. The Court need not examine privity.

Next, the Court holds that the prior action was concluded with a final judgment on the merits issued by a court of competent jurisdiction. After plaintiff Claudia Villarreal's case was consolidated with plaintiff Albino Villarreal's case on February 11, 2021,[44] the Court issued its

---

[38] *Davenport*, 484 F.3d at 326; *see Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 312–13 (5th Cir. 2004).
[39] Dkt. No. 5 at 1 n.1.
[40] Dkt. No. 1-3 at 13.
[41] *Id.* at 10.
[42] *Villarreal v. Am. Sav. Life Ins. Co.*, No. 7:21-cv-00014, Dkt. No. 1-3 at 13–18 (S.D. Tex. Jan. 11, 2021).
[43] *See supra* notes 27–28.
[44] *Villarreal v. Am. Sav. Life Ins. Co.*, No. 7:21-cv-00408, Dkt. No. 12 (S.D. Tex. Feb. 11, 2021) (Alvarez, J.).

opinion and order finding competent diversity jurisdiction and analyzing all the plaintiffs' claims regarding the attempted foreclosure on the "403 Palms Vista Drive, Palm View, Hidalgo County, Texas 78572" property.[45] Having dismissed all of the plaintiffs' claims with prejudice in that case,[46] the Court issued its final judgment on the merits terminating the case.[47] The Court holds that its earlier opinion and final judgment satisfies the elements of res judicata to be applied to this case.

Last, the Court applies the transactional test[48] and holds that both cases involved the same nucleus of operative facts. Both cases concerned foreclosure on the same misspelled property,[49] the same promissory note,[50] and involve virtually identical complaints.[51] If the Court held that res judicata was inapplicable here under the transactional test because of slightly differing facts, such as the date of the foreclosure sale and notices, then no foreclosure case could ever be subject to res judicata. Because the "facts are related in time, space, origin, [and] motivation,"[52] the Court holds that the last element of res judicata is satisfied.

### III. CONCLUSION AND HOLDING

For the foregoing reasons, the Court holds that the doctrine of res judicata applies to Plaintiff's original petition and bars all of her claims in this case. Plaintiff is not entitled to relitigate the issue of her home's foreclosure. Accordingly, the Court **GRANTS** Defendant's motion to

---

[45] *Id.*, Dkt. No. 15.
[46] *See supra* note 36.
[47] *Id.*, Dkt. No. 16.
[48] *See supra* note 37.
[49] *See supra* note 3.
[50] *See supra* notes 40–42.
[51] *Compare* Dkt. No. 1-3, *with Villarreal v. Am. Sav. Life Ins. Co.*, No. 7:21-cv-00014, Dkt. No. 1-3 (S.D. Tex. Jan. 11, 2021).
[52] *OJSC Ukrnafta v. Carpatsky Petrol. Corp.*, 957 F.3d 487, 504 (5th Cir. 2020) (quoting *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 402 (5th Cir. 2009)).

dismiss,[53] **DISMISSES WITH PREJUDICE** all of Plaintiff's claims, and directs the Clerk of the Court to designate this case terminated and close the case upon entry of this Court's final judgment.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 15th day of September 2021.

_____
Micaela Alvarez
United States District Judge

---

[53] Dkt. No. 5.